UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ADA ROBIN SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:12-CV-433-TAV-HBG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This civil action is before the Court on the government's Motion for Summary Judgment [Doc. 16], in which the government seeks dismissal of plaintiff's personal injury claims. Plaintiff submitted a response [Doc. 19], to which defendant submitted a reply [Doc. 21]. The Court has considered the matter, in light of the arguments of the parties, the exhibits submitted on behalf of the parties, and the prevailing case law. For the reasons discussed herein, the government's motion [Doc. 16] will be granted, and plaintiff's claims against the government will be dismissed.

**I.    Background**

The facts of this case are undisputed. Plaintiff and her family have vacationed in the Gatlinburg-Pigeon Forge area for fifteen years [Doc. 17]. On September 29, 2010, plaintiff and her family visited the Cades Cove area of the Great Smoky Mountains National Park while on vacation [Doc. 11 ¶ 9]. During the course of their visit, plaintiff and her family toured various historic sites located in the park by driving to a historic site

before hiking the site on foot [Doc. 17 at 5]. Plaintiff repeated this process at the Missionary Baptist Church site, at which plaintiff toured the church and the surrounding cemetery [*Id.*]. After touring the historic site, plaintiff crossed the street and hiked into the woods on a trail, which was covered in leaves at the time [*Id.*; *see also* Doc. 17-2]. When walking back toward her car on the trail, while traveling downhill, plaintiff stepped into a hole or other depression and fell backwards [Doc. 17 at 5]. Leaves were covering the hole, making plaintiff unable to see it as she was descending toward her car [*Id.*]. As a result of her slipping in this hole, plaintiff alleges that she suffered injuries when she extended her arm to catch herself.

After exhausting her administrative remedies in February 2012, plaintiff filed the present action against the National Park Service in August 2012 under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and subsequently amended her complaint to substitute the United States as the proper party [Docs. 9, 11]. In her amended complaint [Doc. 11], plaintiff asserts claims for negligence and/or gross negligence, seeking $100,000 in damages.

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris*

*Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a

3

finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III. Analysis**

The government argues that summary judgment is appropriate because the Tennessee Recreational Use statutes, Tenn. Code Ann. §§ 70-7-101 to -104 bar plaintiff's claims in this case. Specifically, the government argues that because plaintiff has presented no evidence to show whether the government's conduct constitutes gross negligence, plaintiff cannot recover for her injuries. Plaintiff argues that the government's failure to maintain the area where plaintiff fell or warn would-be hikers on the trail precludes summary judgment.

The Tennessee Recreational Use statutes, which were intended to encourage landowners to open their lands for recreational uses, *see Cagle v. United States*, 937 F.2d 1073, 1075 (6th Cir. 1991), provide that:

> The landowner, lessee, occupant, or any person in control of land or premises owes no duty of care to keep such land or premises safe for entry or use by others for such recreational activities as hunting, fishing, trapping, camping, water sports, white rafting, canoeing, hiking [etc.] . . . nor shall such landowner be required to give any warning of hazardous conditions, uses of, structures, or activities on such land or premises to any person entering on such land or premises for such purposes, except as provided in § 70-7-104.

Tenn. Code Ann. § 70-7-102(a) (2011).[1] Section 104 of the statutes states that the limit on liability does not exist for "[g]ross negligence, willful or wanton conduct that results

---

[1] The parties do not dispute that the statutes apply to the federal government to the same extent they apply to private landowners. *Cagle*, 937 F.2d at 1075.

4

in a failure to guard or warn against a dangerous condition, use, structure or activity . . . ." Tenn. Code Ann. § 70-7-104(a)(1). Under Tennessee law, gross negligence is a "negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Leatherwood v. Wadley*, 121 S.W.3d 682, 693 (Tenn. Ct. App. 2003) (internal quotation and citation omitted). One engages in "willful or wanton conduct" when one commits an act that involves deliberation and malice" or that exhibits "'a heedless and reckless disregard for the rights of another person, with consciousness that a pertinent act or omission may result in injury to another.'" *Stofer v.* Ramsey, 558 F. Supp. 1 3 (E.D. Tenn. 1982). In *Sumner v. United States*, 794 F. Supp. 1358 (M.D. Tenn. 1992), the plaintiff was injured by unexploded ordinance on the firing range of a military installation. The court held that, under the Tennessee Recreational Uses statutes, the Army was grossly negligent in its failure to maintain proper warning signs or otherwise warn individuals of a known dangerous condition, because its conduct "constituted a reckless disregard of the public," *id.* at 1367, enabling plaintiff to recover.

In this case, the parties do not dispute that plaintiff, who visited the park and historic sites in order to tour and hike, was engaged in activity that falls under the Recreational Use Statutes. As to whether the government's failure to warn constituted gross negligence under the exception to the general limit on liability, the government submitted the declaration of Dale Brukiewa, the Maintenance Mechanic Supervisor for the Cades Cove District of the park [Doc. 17-2] in support of its position that the

5

government owed no duty to warn the plaintiff. Brukiewa first notes that the Cades Cove District, in which plaintiff fell, encompasses 100,000 acres, only 59.48 of which are developed [*Id.* ¶ 2]. Brukiewa also states that the area where plaintiff fell is located up a hill on an unofficial trail, or "social trail," which is described as follows:

> A social trail is an unofficial trail that is not created by [the National Park Service] but instead, is created by the public's repeated use of such area. More specifically, these social trails are typically located in undeveloped, wooded areas that are near or adjacent to historic sites and are most commonly used by visitors to the Cades Cove District to relieve themselves. Social trails are not maintained by the [National Park Service] . . . . Official [National Park Service] maintained hiking trails are designated by a sign that includes; the name of the trail and length of the trail.

[*Id.* ¶ 3].

From this, plaintiff has not shown that the government's failure to warn of the potential conditions of unofficial trails constituted gross negligence. Plaintiff argues that because the National Park Service, as an agent of the United States, was aware of the existence of these unofficial, unmaintained trails, it had a duty to warn which it "consciously chose to ignore" [Doc. 19 at 8]. The Court disagrees. Brukiewa's declaration, while acknowledging the existence of the unofficial trail on which plaintiff fell, does not provide any indication that the government had any knowledge of the actual condition which caused plaintiff to fall and injure herself, that is, the leaves covering a depression or hole. In addition, Brukiewa's declaration, which describes the 100,000 acres in the Cades Cove district, including the number of historic sites, campgrounds, and facilities contained in the area, and fifty-five developed acres, supports the government's

6

position that it had no knowledge or reason to know of the existence of a depression or hole on an undeveloped path which was seasonally covered by falling leaves. Plaintiff has offered no evidence showing that the government's inability to warn plaintiff of the dangers of falling leaves covering an uneven path constituted a "reckless disregard of the public." *Compare Sumner*, 794 F. Supp. at 1367 (finding gross negligence for injury where government knew of unexploded ordinance, a condition which it had created, yet failed to warn others) *with Bishop v. Beckner*, 109 S.W.3d 725, 729 (Tenn. Ct. App. 2002) (finding no gross negligence for injury from cave where "the nature, extent, and any potential danger of [the cave] was totally unknown to the landowner"). This case is analogous to the facts of *Bishop* in that, in both cases, the landowner-defendants were unaware of the conditions that led to the injury in question, and thus had no ability, much less a duty, to warn those who entered onto their property and were subsequently injured. Thus, the Court finds that the Tennessee Recreational Use statutes apply to this case and concludes that the government owed no duty to warn plaintiff, barring recovery for the injuries she sustained from falling.[2]

---

[2] In addition, the Court notes that even if it were to conclude that the government owed a duty to plaintiff, plaintiff's recovery would likely be barred under Tennessee law, due to the fact that plaintiff knowingly walked onto the unmarked trail, seeing that leaves were covering the path. *See McCorkle v. Tenn. Valley Auth.*, No. 3-11-CV-168, 2012 WL 607661, at *5 (E.D. Tenn. Feb. 24, 2012) (noting that plaintiff who knowingly encountered obvious danger by stepping into a pool of water near a drinking fountain would be precluded from recovering for her injuries).

7

## IV. Conclusion

For the reasons previously discussed, and in light of the arguments of the parties as well as the prevailing case law, the government's Motion for Summary Judgment [Doc. 16] will be **GRANTED**, plaintiff's claims against the government will be **DISMISSED**, and this case will be **CLOSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE